United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN H. LEE, | CASE NO. 5:12-cv-02820 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., | [Docket Item No(s). 9] |
| Defendant(s). | |

## I. INTRODUCTION

On or about March 20, 2007, Plaintiff John H. Lee ("Plaintiff") executed a Note and Deed of Trust in favor of Defendant Wells Fargo Bank, N.A. ("Defendant") in order to purchase real property located in San Jose, California. See Complaint, Docket Item No. 1, at p. 5, ¶ 15; see also Request for Judicial Notice ("RJN"), Docket Item No. 10, at Ex. 1.[1]

Plaintiff thereafter filed the Complaint underlying this action in June, 2012, which focuses mainly on Defendant's conduct during the loan origination process. Presently before the court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 9. Plaintiff filed written opposition to the Motion. See Docket Item No. 15.

---

[1] The RJN is granted in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1
CASE NO. 5:12-cv-02820 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1  Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully considered the relevant
2  pleadings, the court has determined that Defendant's Motion to Dismiss is meritorious. It will
3  therefore be granted for the reasons stated below.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged

2

facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.    DISCUSSION

Based on very little factual matter specific to the loan transaction, Plaintiff asserts nine causes of action against Defendant: (1) declaratory relief, (2) breach of the covenant of good faith and fair dealing, (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et. seq.*, (5) rescission, (6) fraud, (7) Unfair and Deceptive Acts and Practices ("UDAP"), (8) breach of fiduciary duty, and (9) unconscionability. None have been sufficiently plead.

#### A.    Violation of TILA

Plaintiff has included two causes of action for violation of TILA, one for damages and one for rescission, based on Defendant's alleged failure to provide certain disclosures during the loan origination process. These claims are time-barred.

TILA contains specific timeframes for the initiation of claims. As relevant here, a claim for damages under TILA must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

In this case, Plaintiff finalized the loan at issue in March, 2007. See RJN, at Ex. 1. Thus, a timely claim for damages under TILA should have been filed no later than March, 2008, and a timely claim for rescission should have been filed no later than March, 2010. Since Plaintiff did not initiate this action until June 1, 2012, the request for rescission under TILA is absolutely barred because that claim cannot be equitably tolled. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[TILA] provides, however, that the borrower's right of rescission 'shall expire three years

3
CASE NO. 5:12-cv-02820 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1 after the date of consummation of the transaction or upon the sale of the property, whichever occurs
2 first,' even if the required disclosures have never been made.").

3     A request for damages under TILA, however, is only presumptively time-barred absent
4 allegations that support an equitable exception. 15 U.S.C. § 1640(e); King v. California, 784 F.2d
5 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the
6 limiting language of § 1640(e) and § 1635(f)). "Equitable tolling is generally applied in situations
7 where the claimant has actively pursued his judicial remedies by filing a defective pleading during
8 the statutory period, or where the complainant has been induced or tricked by his adversary's
9 misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor, Inc., 465 F. 3d 1063,
10 1068 (9th Cir. 2006) (internal quotations omitted).

11     Plaintiff does not necessarily disagree that the damages claim is untimely under the
12 applicable statute of limitations, but instead attempts to invoke the doctrine of equitable tolling in his
13 opposition to the Motion to Dismiss. Specifically, Plaintiff argues that misrepresentations and
14 omissions during the loan process prevented Plaintiff from discovering the statutory violations. The
15 problem with this argument, however, is that the actual allegations in the Complaint do not support
16 and are insufficient to establish an equitable exception to the limitations period. See Marzan v.
17 Bank of America, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (citing 389 Orange St. Partners v.
18 Arnold, 179 F. 3d 656, 662 (9th Cir.1999)) ("Where the basis of equitable tolling is fraudulent
19 concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil
20 Procedure."). In particular, the Complaint does not contain any facts explaining why Plaintiff had
21 no reasonable opportunity to discover the facts underlying the alleged disclosure violations until
22 2012. These facts are particularly important considering the violations alleged would become
23 apparent at the time loan documents are finalized. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75,
24 79 (9th Cir. 1996) ("[N]othing prevented [Plaintiff] from comparing the loan contract, [Defendants']
25 initial disclosures, and TILA's statutory and regulatory requirements.").

26     Without more, the alleged disclosure violations are not enough. Garcia v. Wachovia Mortg.
27 Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and
28 lack of disclosure does not itself equitably toll the statute of limitations."). This is true despite the

United States District Court
For the Northern District of California

fact that "the applicability of equitable tolling depends on matters outside the pleadings." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003 (9th Cir. 2006).

Accordingly, the third cause of action for damages under TILA is dismissed with leave to amend as Plaintiff may be able to provide additional allegations supporting equitable tolling. The fifth cause of action for rescission is dismissed without leave to amend to the extent it relies upon TILA violations.

**B.     Violation of RESPA**

Plaintiff alleges Defendants violated § 2607 of RESPA because the broker payments received as a result of Plaintiff's loan "were misleading and designed to create a windfall."

Like the TILA cause of action, the claim under RESPA is time-barred as plead. See Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 U.S. Dist. LEXIS 124980, at *9-10, 2010 WL 4695480 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]'"). Again, the loan transaction at issue here took place in March, 2007. From that date, a timely claim under § 2607 should have been filed in or before March, 2008. See Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (quoting Bloom v. Martin, 865 F. Supp. 1377, 1386-87 (N.D. Cal. 1994), aff'd by, 77 F.3d 318 (9th Cir. 1996)) ("Private parties must bring claims for RESPA violations within one year from the 'date of the occurrence of the violation.' Barring extenuating circumstances, '[t]he date of the occurrence of the violation is the date on which the loan closed.'"); see also McDonald v. JP Morgan Chase Bank N.A., Case No. 12cv860-MMA (BGS), 2012 U.S. Dist. LEXIS 67968, at *11-13, 2012 WL 1714168 (S.D. Cal. May 15, 2012). Since this case was not commenced until four years later, the RESPA claim is untimely, and the allegations seeking equitable tolling must be rejected for the same reasons discussed under the TILA claim.

The fourth cause of action will be dismissed with leave to amend in order to allow Plaintiff

an opportunity to support equitable tolling with additional factual allegations.[2]

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing when it failed to provide certain notices to Plaintiff during the loan origination process and "[w]illfully placed Plaintiff in a loan that Plaintiff could not qualify for."

This claim fails for two reasons. First, it is time barred as plead. The statute of limitations for a breach of the implied covenant of good faith and fair dealing is four years. Cal. Code Civ. Proc. § 337(1). Since Plaintiff relies on conduct that occurred during the origination process in 2007, this lawsuit filed in 2012 comes a year too late, and as already explained, there are insufficient allegations upon which to find a basis for equitable tolling.

Second, Plaintiff has not supported this claim with sufficient factual allegations. In California, a covenant of good faith and fair dealing is implied in every contract. Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-72 (1992). Its purpose is to ensure that "'neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958)). "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

With regard to the first element concerning the existence of a contract, "[t]he implied

---

[2] In his opposition to this motion, Plaintiff seems allege further RESPA violations. They do not assist him here. Plaintiff lacks standing to assert violations of the Pooling and Servicing Agreement ("PSA") governing the securitized trust holding the loan. See Sepehry-Fard v. Aurora Bank FSB, Case No. 5:12-cv-00871 EJD, 2013 U.S. Dist. LEXIS 12048, at *10-11, 2013 WL 597788 (N.D. Cal. Jan. 29, 2013). As such, violations of the PSA cannot support any cause of action brought by Plaintiff, let alone one under RESPA. Plaintiff also cannot rely on Defendant's purported failure to respond to a Qualified Written Request because allegations supporting such a violation are not contained in the Complaint.

covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. . . . [T]he implied covenant is limited to ensuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated in the contract." Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992) (emphasis added).

Here, other than referencing a Note, Deed of Trust and a "series of documents," Plaintiff has not adequately identified the actual contract under which this cause of action arises. Nor does Plaintiff allege that he complied with his contractual obligations or point out which contractual right was impeded by Defendant's conduct.

Accordingly, the second cause of action for breach of the implied covenant of good faith and fair dealing will be dismissed with leave to amend. If Plaintiff chooses to maintain this claim, he must support his theory of equitable tolling and allege additional facts satisfying the claim's elements.

**D.      Rescission**

Plaintiff alleges an entitlement to rescind the loan due to "1) TILA violations; 2) failure to provide Mortgage Loan Origination Agreement; 3) fraudulent concealment; and 4) public policy grounds, each of which provides independent grounds for relief."

As already discussed, Plaintiff is unable to base a cause of action for rescission on TILA violations, and Plaintiff has not explained in his opposition how the three other grounds cited can support an independent, stand-alone claim for rescission. Under these circumstances, the court can only conclude that "[r]escission is not a cause of action; it is a remedy." Nakash v. Super. Ct., 196 Cal. App. 3d 59, 70 (1987) (citations omitted). Accordingly, this fifth cause of action will be dismissed without leave to amend.

**E.      Fraud**

Within the claim for common law fraud, Plaintiff alleges that Defendant "intentionally, willfully, and wantonly" induced Plaintiff to accept a loan he could not afford, despite the information contained on his credit application and W-2's.

In California, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3)

7
CASE NO. 5:12-cv-02820 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage. <u>Engalla v. Permanente Med. Group, Inc.</u>, 15 Cal. 4th 951, 974 (1997). Although the court looks to state law to determine if the elements of fraud have been properly pleaded, a plaintiff must still meet the federal standard to plead fraud with particularity. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009).

Under this standard, the fraud claim is obviously incomplete. Plaintiff did not state the details of the misrepresentation that caused him to accept the loan, did not identify which individual allegedly made it, did not connect his financial information to the misrepresentation in order to show that Defendant knew the statement was false, and did not allege why Plaintiff's reliance on the misrepresentation was justifiable. This falls short of the basic pleading standard, let alone meet the standard required by Rule 9(b).

The sixth cause of action for fraud will be dismissed with leave to amend as Plaintiff may be able to plead additional facts to meeting the heightened pleading standard that applies.

**F.      Violation of UDAP**

Plaintiff's alleges that Defendant violated UDAP when it "failed to undergo a diligent underwriting process."

Since "there is no California statute called 'UDAP,'" Plaintiff argues he meant to allege a cause of action under the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et. seq.* and the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. <u>Varela v. Wells Fargo Home Mortg.</u>, Case No.: C-12-3502 KAW, 2012 U.S. Dist. LEXIS 181323, at *21, 2012 WL 6680261 (N.D. Cal. Dec. 21, 2012). The clarification does not save this cause of action as plead.

The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a); <u>In re Actimmune Marketing Litig.</u>, 2009 U.S. Dist. LEXIS 103408, at *47, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009). In particular, the CLRA prohibits a person from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have," "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another," or "[a]dvertising

goods or services with intent not to sell them as advertised." Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(9). To the extent the CLRA applies to mortgage loan transactions at all, the plaintiff must allege that the defendant provided a "service," not merely an extension of credit. See Rex v. Chase Home Fin. LLC, Case No. SACV 12-0609 DOC (RNBx), 2012 U.S. Dist. LEXIS 165854, at *104-108, 2012 WL 5866209 (C.D. Cal. Nov. 19, 2012).

Under the UCL, there are three varieties of unfair competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457 (2006); Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995). The UCL "borrows" violations of other laws and treats them as unfair business practices, and also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech, 20 Cal. 4th at 180.

Plaintiff's threadbare allegations do not state a claim under the CLRA or the UCL. For the CLRA, the allegations describe nothing more than traditional lending activity. That being the case, it is unclear what party of Defendant's conduct constitutes a "service" for the purposes of alleging a CLRA violation. For the UCL, Plaintiff focuses on the "unfair" prong and relies on the success of his causes of action for fraud, breach of the implied covenant of good faith and fair dealing, and for violations of TILA and RESPA. But as those claims also fail as stand-alone claims, they are ineffective as support for the UCL claim.

Accordingly, the seventh cause of action will be dismissed with leave to amend. Any amended cause of action shall not be stated as one under UDAP, but must instead expressly state

whether it is an cause of action under the CLRA or UCL.[3]

### G. Breach of Fiduciary Duty

For this cause of action, Plaintiff alleges Defendant breached its fiduciary duty when it failed to notify Plaintiff that he was likely to default on the loan, failed to provide material disclosures, and violated TILA and RESPA. Plaintiff did not, however, provide argument in support of this claim in his opposition. Perhaps this is because, as Defendant points out, "the weight of authority holds that a lender or loan servicer owes no duty of reasonable care to a borrower." Lyons v. Bank of America, N.A., No. 11-01232, 2011 U.S. Dist. LEXIS 90499, at *22, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011); Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). The eighth cause of action will be dismissed without leave to amend.

### H. Unconscionability

Plaintiff alleges that his contract with Defendant is unconscionable. In order for a contract to be determined unconscionable, the claimant must establish both procedural unconscionability (such that the claimant did not have a meaningful choice) and substantive unconscionability (such that the terms at issue are exceedingly unfair). See Shadoan v. World Sav. & Loan Ass'n, 219 Cal. App. 3d 97, 102 (1990). Other than conclusions, Plaintiff did not allege anything which could constitute either procedural or substantive unconscionability. Moreover, Plaintiff offered no argument or explanation in support of this cause of action. The ninth cause of action will therefore be dismissed without leave to amend.

### I. Declaratory Relief

In a cause of action for declaratory relief, Plaintiff alleges an "actual controversy" because "Plaintiff contends that Defendant did not have the right to foreclose on the property."

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et. seq.*, allows the district court

---

[3] Plaintiff also argues that amendments to California Civil Code § 2923.5 strengthen his "claims regarding the failure of Defendant to demonstrate that it has the authority from the true owner to take action against Plaintiff." Based on the allegations in the Complaint, however, it is unclear how § 2923.5 applies since Plaintiff does not allege to have defaulted on the loan.

10
CASE NO. 5:12-cv-02820 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  to "declare the rights and other legal relations of any interested party seeking such a declaration . . .
2  ." 28 U.S.C. § 2201(a). However, such relief is limited by the express terms of the statute to cases
3  "of actual controversy." Id. As a result, the finding that an actual controversy actually exists is an
4  essential prerequisite for an claims under the DJA. Principal Life Ins. Co. v. Robinson, 394 F.3d
5  665, 669 (9th Cir. 2005).

6  Here, Plaintiff's theory of liability fails because he has not alleged that the property is subject
7  to a pending foreclosure proceeding. Thus, the controversy Plaintiff cites as a basis for this cause of
8  action is not alleged to exist. And he cannot rely on violations of TILA and RESPA because those
9  causes of action will be dismissed. Accordingly, the first cause of action will also be dismissed with
10 leave to amend.

### IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 9) is GRANTED. The first, second, third, fourth, sixth and seventh causes of action are DISMISSED WITH LEAVE TO AMEND. The fifth, eighth and ninth causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

Any amended complaint must be filed on or before **April 5, 2013.** Plaintiff is advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Plaintiff is further advised that he may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: March 18, 2013

_____
EDWARD J. DAVILA
United States District Judge